IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVEL DRUG SOLUTIONS, LLC and<br>EYE CARE NORTHWEST, PA,<br><br>        Plaintiffs,<br><br>    v.<br><br>HARROW HEALTH, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 18-539 (MN)<br>)<br>)<br>)<br>)  |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | OVERVIEW OF THE CASE | 2 |
| III. | DUTY OF THE JURY | 4 |
| IV. | EVIDENCE | 5 |
| V. | DEPOSITION TESTIMONY | 7 |
| VI. | CREDIBILITY OF WITNESSES | 8 |
| VII. | EXPERT TESTIMONY | 9 |
| VIII. | BURDEN OF PROOF | 10 |
| IX. | CONDUCT OF THE JURY | 11 |
| X. | BENCH CONFERENCES | 13 |
| XI. | COURSE OF THE TRIAL | 14 |
| XII. | TRIAL SCHEDULE | 15 |

I.      **<u>INTRODUCTION</u>**

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial.

## II.     OVERVIEW OF THE CASE

At this time, I will give you a brief overview of who the parties are and their positions in this case.

This is a civil case for specific performance, for breach of contract and for a declaratory judgment. The Plaintiffs are Novel Drug Solutions, LLC and Eye Care Northwest, PA. The Defendant is Harrow Health Inc. When this case was first filed, Harrow Health was called Imprimis Pharmaceuticals, Inc. For the purposes of this trial, you can consider Harrow Health and Imprimis to be one and the same. For ease of reference, I will refer to Novel Drug Solutions, LLC and Eye Care Northwest, PA collectively as Plaintiffs and Harrow Health Inc. as Defendant.

Please note that in light of the COVID pandemic, I have asked the parties to limit the number of persons in the courtroom. As such, do not draw any conclusions based on who may or may not be present in the courtroom for either side.

The parties entered into an Asset Purchase Agreement, effective August 8, 2013, for Plaintiffs' "Technology" and "Assets" involving certain compounded ophthalmic formulations containing an antibiotic and a steroid combined with poloxamer, and the technology and know-how needed to make and manufacture these ophthalmic formulations. Plaintiffs terminated the Asset Purchase Agreement on May 29, 2019.

Plaintiffs contend that upon termination of the Asset Purchase Agreement, Defendant was required to re-assign the "Technology" and "Assets" back to Plaintiffs under the express terms of the agreement. Plaintiffs also contend that Defendant was required to cease manufacturing, marketing, and selling any compounded ophthalmic formulations containing an antibiotic and a steroid combined with poloxamer, and cease using the technology and know-how that Plaintiffs claim to have provided to Defendant under the Asset Purchase Agreement. Plaintiffs also contend

they are entitled to damages as a result of Defendant's continued use and sale of Plaintiffs' "Technology" and "Assets" after termination, in violation of the Asset Purchase Agreement.

Defendant contends that it has re-assigned to the Plaintiffs the "Technology" and "Assets" that were assigned to it by Plaintiffs, as well as additional Assets. Defendant also contends that the Asset Purchase Agreement does not prohibit Defendant from selling any of Defendant's products. Defendant also contends that Plaintiffs have suffered no damages.

**III.     DUTY OF THE JURY**

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and my instructions whether you agree with them or not.

It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## IV. EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence as exhibits. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence. They include the following:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during trial, I will try to clarify this for you at that time.

3. Exhibits that are identified by a party but not offered or received into evidence are not evidence.

4. Testimony and exhibits that I exclude or strike from the record or tell you to disregard are not evidence and must not be considered.

5. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of any eyewitness. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist. I will give you further

instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

V.	**DEPOSITION TESTIMONY**

You may hear witnesses testify through deposition testimony.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  The deposition may also be recorded on videotape.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## VI. CREDIBILITY OF WITNESSES

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence could affect the credibility of the testimony.  The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses, including expert witnesses.  I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

## VII. <u>EXPERT TESTIMONY</u>

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness. Both sides in this case will have employed experts.

## VIII. <u>BURDEN OF PROOF</u>

   This is a civil case.  Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence.  That means Plaintiffs must produce evidence which, when considered in the light of all the facts, leads you to believe that what Plaintiffs claim is more likely true than not.  To put it differently, if you were to put Plaintiffs' and Defendant's evidence on opposite sides of a scale, the evidence supporting Plaintiffs' claims would have to make the scales tip somewhat on their side.  If Plaintiffs fail to meet this burden, your verdict must be for Defendant.

**IX.     CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones or other smartphones, iPads or other tablets, and any other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cellphone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

11

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes in the notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night. Remember that these notebooks are for your own personal use—they are not to be given or read to anyone else. A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberation.

X.     **BENCH CONFERENCES**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference.  Do not consider any granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

## XI. COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

– These preliminary instructions to you;

– Opening statements, which are not evidence, but are intended to explain to you what each side intends to prove and are offered to help you follow the evidence;

– The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

– The closing arguments of the attorneys, which again are not evidence, but will be offered to help you make your determination;

– My final instructions on the law to you; and finally,

– Your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## XII. TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to five business days to try, between now and Friday, November 5, 2021.

The trial will normally begin each day at 9:00 A.M, will go until around 12:30 P.M., when there will be about a forty-five-minute break for lunch before continuing until 4:30 or 4:45 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial. That means that I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.