IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVEL DRUG SOLUTIONS, LLC and EYE CARE NORTHWEST, PA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-539 (MN) |
| HARROW HEALTH, INC., | ) ) ) | |
| Defendant. | ) | |

**FINAL JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**

**1.0 GENERAL INSTRUCTIONS** ................................................................................. 1

    1.1    INTRODUCTION ................................................................ 1
    1.2    JURORS' DUTIES ............................................................. 2
    1.3    EVIDENCE DEFINED ...................................................... 3
    1.4    DIRECT AND CIRCUMSTANTIAL EVIDENCE ............... 4
    1.5    CONSIDERATION OF EVIDENCE .................................. 5
    1.6    CREDIBILITY OF WITNESSES ..................................... 6
    1.7    EXPERT WITNESSES ..................................................... 7
    1.8    DEPOSITION TESTIMONY ............................................ 8
    1.9    USE OF NOTES ............................................................... 9
    1.10  SYMPATHY................................................................... 10
    1.11  BURDEN OF PROOF ..................................................... 11

**2.0 THE PARTIES AND THEIR CONTENTIONS** ................................................. 12

    2.1    THE PARTIES................................................................. 12
    2.2    THE PARTIES' CONTENTIONS .................................... 13

**3.0 BREACH OF CONTRACT CLAIMS** ............................................................... 15

    3.1    CONTRACT DEFINED .................................................. 15
    3.2    BREACH OF CONTRACT UNDER DELAWARE LAW ... 16
    3.3    CONSTRUCTION OF AMBIGUOUS TERMS - BREACH OF CONTRACT .. 17
    3.4    AFFIRMATIVE DEFENSES ........................................... 19
    3.5    PATENTS AND PATENT APPLICATIONS..................... 20

**4.0 DAMAGES** ....................................................................................................... 22

    4.1    INTRODUCTION ........................................................... 22
    4.2    DAMAGES FOR BREACH OF CONTRACT – GENERALLY ....... 23
    4.3    DAMAGES FOR BREACH OF CONTRACT - RESTITUTION...... 24
    4.4    BREACH OF CONTRACT – GENERAL/NOMINAL .................. 25
    4.5    DUTY TO MITIGATE DAMAGES – CONTRACT ......... 26

**5.0 DELIBERATION AND VERDICT** ................................................................... 27

    5.1    INTRODUCTION ........................................................... 27
    5.2    UNANIMOUS VERDICT................................................ 28
    5.3    DUTY TO DELIBERATE ............................................... 29
    5.4    SOCIAL MEDIA ............................................................ 30
    5.5    COURT HAS NO OPINION............................................ 31

## 1.0   <u>GENERAL INSTRUCTIONS</u>

### 1.1   INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. Then I will explain the positions of the parties and the law you will apply in this case. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

### 1.2    JURORS' DUTIES

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. You are the sole judges of the facts.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof which party should prevail on any given issue. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not guess or speculate, and do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

### 1.3     EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, including deposition transcript testimony that has been played by video or read to you, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence.  My legal rulings are not evidence.  You should not be influenced by a lawyer's objection or by my ruling on that objection.  Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  Sometimes I may have ordered you to disregard things that you saw or heard, or that I struck from the record. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 1.4     DIRECT AND CIRCUMSTANTIAL EVIDENCE

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence." I will now remind you what each means.

Direct evidence is evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believe her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  It is your job to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 1.5     CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 1.6    CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You may believe everything a witness says, or part of it, or none of it.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether the testimony is consistent or inconsistent; whether the testimony has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at the trial in person or by deposition testimony played by video or read to you.  You have the right to distrust such witness's testimony and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

## 1.7    EXPERT WITNESSES

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

**1.8     DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the playing of video excerpts or reading from a deposition. The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence. You should not attribute any significance to the fact that the deposition videos may appear to have been edited.

Deposition testimony is out of court testimony given under oath and is entitled to the same consideration you would give it had the witnesses personally appeared in court.

**1.9     USE OF NOTES**

You may have taken notes during trial to assist your memory. As I instructed you at the beginning of the case, you should use caution in consulting your notes. I think there is a tendency to attach undue importance to matters that one has written down.  Some testimony that is considered unimportant at the time presented—and therefore was not written down—takes on greater importance later in the trial in light of all the evidence presented.  Therefore, your notes are only a tool to aid your own memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

### 1.10   SYMPATHY

Your verdict must be based solely on the evidence in this case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence.  You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict. I am not telling you not to sympathize with the parties.  It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or influence your verdict.

### 1.11   BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  The parties each bear the burden to prove their respective claims by a preponderance of the evidence. When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true.  To put it differently, on Plaintiffs' claims, for example, if you were to put Plaintiffs' and Defendant's evidence on opposite sides of a scale, the evidence supporting Plaintiffs' assertions would have to make the scale tip somewhat to Plaintiffs' side.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you, therefore, should put it out of your mind in considering whether or not the parties have met their respective "more likely than not" burdens of proof.

**2.0**     **THE PARTIES AND THEIR CONTENTIONS**

**2.1     THE PARTIES**

I will now review for you the parties in this action, and the positions of the parties that you will have to consider in reaching your verdict.

As I have previously told you, Plaintiffs are Novel Drug Solutions, LLC and Eye Care Northwest, PA.  Defendant is Harrow Health Inc. which was previously known as Imprimis Pharmaceuticals, Inc.  For ease of reference, I will refer to Novel Drug Solutions, LLC and Eye Care Northwest, PA collectively as Plaintiffs and Harrow Health Inc. as Defendant.

## 2.2    THE PARTIES' CONTENTIONS

Plaintiffs and Defendant entered into an Asset Purchase Agreement with an Effective Date of August 8, 2013.  Under the Asset Purchase Agreement, Plaintiffs were to sell, convey, transfer or assign to Defendant "Technology" and "Assets" involving certain compounded ophthalmic formulations, and the technology and know-how needed to make and manufacture these ophthalmic formulations.  Plaintiffs terminated the Asset Purchase Agreement on May 29, 2019.

Plaintiffs filed suit against Defendant and contend that upon termination of the Asset Purchase Agreement, Defendant was required to re-assign the "Technology" and "Assets" back to Plaintiffs under the express terms of the agreement.  Plaintiffs also contend that Defendant was required to cease manufacturing, marketing, and selling any compounded ophthalmic formulations containing an antibiotic and a steroid combined with poloxamer that in any way utilize Plaintiffs' "Technology" and "Assets," and cease using the technology and know-how that Plaintiffs claim was provided to Defendant under the Asset Purchase Agreement.  Plaintiffs also contend they are entitled to damages as a result of Defendant's continued use and sale, post-termination, of ophthalmic formulations containing an antibiotic and a steroid combined with poloxamer.  Plaintiffs further contend that the absence of an issued patent is irrelevant.

Defendant contends that Plaintiffs did not convey the topical prednisolone-based formulations containing poloxamer.  Defendant further contends that Defendant re-assigned all Technology and Assets conveyed under the Asset Purchase Agreement. Defendant further contends that Plaintiffs have not been harmed.  Defendant further contends that Defendant has freedom to operate in the United States because there are no

issued patents in the United States.  Defendant further contends that Plaintiffs have suffered

no damages from any breach of the Asset Purchase Agreement.

**3.0**     <u>**BREACH OF CONTRACT CLAIMS**</u>

    **3.1**     **CONTRACT DEFINED**

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes breach of contract, unless the breach is excused. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

The parties do not dispute that the Asset Purchase Agreement was a legally binding contract between Plaintiffs and Defendant.

### 3.2 BREACH OF CONTRACT UNDER DELAWARE LAW

Plaintiffs contend that Defendant breached the Asset Purchase Agreement.  To prove breach of contract, Plaintiffs must prove by a preponderance of the evidence that:

1. Plaintiffs and Defendant entered into a contract, which is undisputed here;

2. Plaintiffs performed its contractual obligations;

3. Defendant breached an obligation set forth in that contract; and

4. The breach resulted in harm or damages to Plaintiffs.

Again, for Plaintiffs to recover any monetary relief for these claims, they must prove by a preponderance of the evidence that all of the elements of the claim are met.

### 3.3     CONSTRUCTION OF AMBIGUOUS TERMS - BREACH OF CONTRACT

There are certain rules to consider in interpreting contractual terms that are found to be ambiguous or unclear.

First, if the party that drafted the language of the contract can be determined, the language must be construed most strongly against that party.

Second, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Third, a contract cannot be interpreted in such a manner that would produce an absurd result or one that no reasonable person would have accepted

Fourth, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit.  The parties' conduct after a contract is made should be given great weight in determining its meaning.

Fifth, explanatory circumstances existing when the contract was allegedly made may be considered in order to determine the parties' probable intent.

Sixth, words of a contract are interpreted in accordance with their ordinary meaning.  The primary goal is to attempt to fulfill, to the extent possible, the reasonable shared expectations of the parties at the time they made the contract.

Seventh, the meaning inferred from one provision of a contract cannot control the meaning of the entire agreement if such an inference conflicts with the agreement's overall scheme or plan.

Finally, a word in a contract is presumed to carry the same meaning throughout the contract.  Likewise, it is presumed that the parties do not include superfluous words in their

17

agreement, and that each word should be given meaning.  As a result, you should avoid interpreting the contract language that results in a word being superfluous.

### 3.4    AFFIRMATIVE DEFENSES

Defendant is entitled to assert what is called an affirmative defense to Plaintiffs' claims. Any affirmative defense must be proven by Defendant by a preponderance of the evidence.  In this case, Defendant has asserted as an affirmative defense that Plaintiffs did not own any of the Technology and Assets to be re-assigned under the Asset Purchase Agreement.

### 3.5    PATENTS AND PATENT APPLICATIONS

This lawsuit involves references to patents and patent applications.  I will now instruct you regarding the patent application process and some of the law about patents.

A patent represents a bargain between the inventor or inventors on one side, and the government on the other side.  In exchange for disclosing the idea to the public, the government can grant the inventor a right to exclude others from making or using the invention for a limited period of time, if that idea meets the requirements for receiving a patent.

In the United States, the first step in obtaining a patent is filing a patent application in the United States Patent and Trademark Office, or "PTO."    A patent applicant is allowed to file an application called a "provisional application" that does not require all the formalities of a formal patent application.  The applicant must file a formal patent application within 12 months of filing the provisional application in order for the application to be examined for patentability. A formal patent application disclosing the same invention as an earlier filed provisional application or other formal patent application may claim the benefit of the earlier filing date of the provisional or other formal application, and shall have the same effect as though filed on the date of the prior application, otherwise known as the "effective filing date."

Once a formal patent application is filed, it is reviewed by an Examiner at the PTO to determine whether it meets the requirements for obtaining a patent.  One of the requirements of a formal patent application is that it must describe the idea in sufficient detail so that someone of normal skill in that technical field can make and use the invention, without having to perform excessive experimentation on their own.   Another requirement to obtain a patent is that the idea must be new and nonobvious compared to earlier inventions in the same field as judged by the effective filing date of the application.

If the patent application meets all the requirements, then the Examiner will grant the inventor or inventors a United States patent.  If the application does not meet all the requirements, then the Examiner will reject the application and give the applicants a chance to respond.  This cycle of rejection and response can happen many times, and the inventor is also permitted to file follow-on or "continuation" applications, in order to continue the process and attempt to receive a patent.  The overall process can take many years, before each application is either abandoned or issues as a patent.

If a patent issues, the patent owner has the ability to exclude others from making or using what is covered by the patent, until the patent expires.  Patent applications do not provide any such right to exclude others; only an issued patent can provide that exclusive right.  Patents are generally issued country by country, so that having a patent in one country grants the patent owner the power to exclude others from using the invention within that particular country.   Patents have the attributes of personal property.  An owner's interest in a provisional or formal patent application or issued patent may be assigned by the owner to another party.

**4.0**   **<u>DAMAGES</u>**

**4.1**   **INTRODUCTION**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not damages should be awarded.

### 4.2     DAMAGES FOR BREACH OF CONTRACT – GENERALLY

The purpose of the law of such damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the breach of contract.  If you find that Defendant breached the Asset Purchase Agreement, then you must award Plaintiffs the amount of damages that you find by a preponderance of the evidence were caused to Plaintiffs by Defendant's breach.

An award of damages, if any, should not be based on speculation, and the assumptions forming the basis of the claims should be demonstrable with reasonable certainty.

### 4.3    DAMAGES FOR BREACH OF CONTRACT - RESTITUTION

Restitution is a remedy for a breach of contract claim that requires the benefit conferred to the breaching party to be returned to the non-breaching party.  If an award of restitution can be accomplished by requiring the breaching party to restore a specific thing that is in its hands, a court may order restoration of the thing to the non-breaching party.  However, where restoration of the specific thing is not possible, the non-breaching party is entitled to the reasonable value of what was conferred to the breaching party.

If you determine that Defendant breached the Asset Purchase Agreement by retaining and continuing to use Plaintiffs' Technology and Assets after the Asset Purchase Agreement was terminated on May 29, 2019, and that Plaintiffs are entitled to restitution, you must determine the reasonable value of the Technology and Assets conferred on Defendant based upon the evidence presented.

### 4.4 BREACH OF CONTRACT – GENERAL/NOMINAL

A party that is harmed by a breach of contract is entitled to damages in an amount calculated to compensate it for the harm caused by the breach. The compensation should place the injured party in the same position it would have been in if the contract had been performed.

If you find that Plaintiff is entitled to a verdict in accordance with these instructions, but do not find that Plaintiffs have sustained actual damages, then you may return a verdict for Plaintiffs in some nominal sum such as one dollar. Nominal damages are not given as an equivalent for the wrong but rather merely in recognition of a technical injury and by way of declaring the rights of Plaintiff.

### 4.5    DUTY TO MITIGATE DAMAGES – CONTRACT

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered.  To mitigate a loss means to take steps to reduce the loss.  If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances. This reduction, however, must be measured with reasonable probability.

\*          \*          \*

26

## 5.0    <u>DELIBERATION AND VERDICT</u>

### 5.1    INTRODUCTION

I have concluded the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

### 5.2     UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  I will review it with you in a moment.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom and my deputy will read aloud your verdict.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

### 5.3     DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that, your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.  Listen carefully to what the other jurors have to say, and then decide for yourself.

### 5.4    SOCIAL MEDIA

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smartphone, iPhone, iPad, BlackBerry, tablet or computer, the internet, any internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, LinkedIn, YouTube, Instagram, Snapchat or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

### 5.5    COURT HAS NO OPINION

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.